**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OCT - 4 2005

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) CR. NO. 2:05CR240-A |
| | ) [21 USC 841(a)(1) |
| LUIS F. ACOSTA-VAZQUEZ, and | ) 21 USC 844(a) and |
| JULIO CESAR MOSQUERA | ) 18 USC 2] |
| | ) |
| | ) **INDICTMENT** |

The Grand Jury charges:

### COUNT 1

On or about the 12th day of September, 2005, in Montgomery County, within the Middle District of Alabama, the defendants,

LUIS F. ACOSTA-VAZQUEZ, and
JULIO CESAR MOSQUERA

each aided and abetted by the other, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as cocaine powder, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT 2

On or about the 12th day of September, 2005, in Montgomery County, within the Middle District of Alabama, the defendants,

LUIS F. ACOSTA-VAZQUEZ, and
JULIO CESAR MOSQUERA

did knowingly and intentionally possess with the intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

On or about the 12th day of September, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

LUIS F. ACOSTA-VAZQUEZ,

did knowingly and intentionally possess marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

## FORFEITURE ALLEGATION

A.   Counts 1 through 3 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for violation of Title 21, United States Code, Section 841(a)(1) as alleged in Counts 1 and 2 of this indictment, the defendants,

LUIS F. ACOSTA-VAZQUEZ and
JULIO CESAR MOSQUERA,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts 1 through 3 of this indictment, including but not limited to, the following:

> Five Thousand Dollars ($5,000) in United States currency seized on September 12, 2005 from Julio Cesar Mosquera; and,

> Thirty Two Thousand Eight Hundred Sixty Three Dollars ($32,863) in United States currency seized on September 12, 2005 from vehicle driven by Luis F. Acosta Vazquez.

C.   If any of the forfeitable property described in this forfeiture allegation, as a

result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or,

    (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Section 841.

A TRUE BILL:

_____
Foreperson

*/s/ Leura G. Canary*
LEURA GARRETT CANARY
United States Attorney

*/s/ John T. Harmon*
JOHN T. HARMON
Assistant United States Attorney

*/s/ Clark Morris*
A. CLARK MORRIS
Assistant United States Attorney